| | | |
|---|---|---|
| AMAN THAKUR, #200-499-134 | * | |
| Petitioner | * | |
| v | * | Civil Action No. ELH-13-2050 |
| JOHN MORTON, Director, U.S<br>  Immigration and Customs Enforcement,<br>CALVIN McCORMICK, Field Director<br>  ICE-Removal Operations, Baltimore,<br>JACK KAVANAGH, Director, Howard<br>  County Department of Corrections, | *<br><br>*<br><br>*<br>* | |
| Respondents. | | |

\*\*\*

## MEMORANDUM

Self-represented petitioner Aman Thakur, a detainee at Howard County Detention Center, filed a petition for habeas corpus relief under 28 U.S.C. § 2241, alleging that immigration officials have denied him an individualized bond release hearing and he is improperly detained under the mandatory detention provisions of 8 U.S.C. § 1226(c).[1] ECF 1. Respondents John Morton, Director, U.S. Immigration and Customs Enforcement; Calvin McCormick, Field Director, U.S. Immigration and Customs Enforcement; and Jack Kavanagh, Director of the Howard County Department of Corrections, by their counsel, have filed a response requesting dismissal of the petition or summary judgment in their favor. ECF 3. Thakur has replied and also moves for leave to amend his "Habeas Complaint."[2] ECF 10 and 11. The matter is fully

---

[1] Section 236(c) of the Immigration and Nationality Act ("INA") is codified at 8 U.S.C. § 1226(c).

[2] To the extent Thakur is attempting to attach an "amended complaint" to his reply, he may not do so. If Thakur wants to challenge the length of his detention pursuant to the holding in *Zadvydas v. Davis,* 533 U.S. 678, 701 (2001), he may do so by filing a separate habeas petition. The Clerk shall send a § 2241 habeas form and instructions packet to Thakur in the event he

briefed and ready for disposition. After review of the pleadings, the court finds a hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

I.  **Facts**

The facts of this case are not in dispute. Thakur is a native and citizen of India who has lived in the United States since 1996, having legally entered the United States at age four and been admitted as a lawful permanent resident in 2010. ECF 1 and ECF 3, Exhibit 4. On May 23, 2011, Thakur was convicted in the Circuit Court for Montgomery County of possession with intent to distribute a controlled substance, and sentenced to 364 days incarceration, all suspended, in favor of 18 months of supervised probation. ECF 3, Exhibits 1 and 2.

On April 19, 2013, U.S. Immigration and Customs Enforcement ("ICE") served Thakur with a Notice to Appear, charging him with removability under the Immigration and Naturalization Act, 8 U.S.C. § 1227(a)(2)(A), due to his conviction. ECF 3, Exhibit 2.[3] Since that time, Thakur has been detained at the Howard County Detention Center in Jessup, Maryland, predicated on the Notice of Custody Determination issued after removal proceedings were initiated. ECF 3, Exhibit 3.

On May 29, 2013, Thakur's request for a custody determination and an individualized bond hearing was denied by an immigration judge, who held that Thakur is subject to mandatory detention under 8 U.S.C. § 1226(c) without the possibility of release on bond while his removal proceedings are pending. *Id*. Thakur's request to review this determination was denied. ECF 3,

---

decides to pursue this claim. The court expresses no opinion in regard to the merits of such a proceeding.

[3] Section 237 of the INA provides: "Any alien who is convicted of an aggravated felony at any time after admission is deportable." *See* 8 U.S.C. § 1227(a)(2)(A)(iii) (codifying INA § 237).

Exhibit 5.[4]

Thakur claims that his detention violates his right to due process under the Fifth Amendment of the United States Constitution because he has been denied an individualized bond hearing to determine whether he is a danger or a flight risk. He avers that because he was not immediately taken into federal custody after his Maryland conviction, the mandatory detention provisions of 8 U.S.C. § 1226(c) do not apply. As relief, he asks this court to order an individualized bond hearing. ECF 1 at 7-8.

## II. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) when the petitioner is "in custody," and the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). The court has subject matter jurisdiction over the petition under § 2241 because Thakur was detained within this district at the time he filed his petition and continues to be so, and he asserts that his mandatory detention is not statutorily authorized by 8 U.S.C. § 1226(c) and violates his due process rights. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

## III. DISCUSSSION

At the outset, I note that Thakur is solely seeking habeas relief; he does not challenge his underlying removal proceedings. ECF 1. Consequently, the only proper respondent is his custodian, Jack Kavanagh, Director of the Howard County Detention Center. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his

---

[4] Petitioner's removal hearing was scheduled for September 19, 2013. Exhibit 6. The record does not indicate whether the hearing occurred nor its findings.

present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement"); *see also* 28 U.S.C. § 2243 (providing that any habeas petition must be directed at "the person having custody of the person detained"). Accordingly, respondents' request to dismiss respondents Morton and McCormick (ECF 3, Memorandum at 6) will be granted.

The Attorney General is statutorily authorized to arrest, detain, or release an alien during the pre-removal period when the decision as to whether the alien will be removed from the United States is pending. *See* 8 U.S.C. § 1226(c). Individuals who fall under 8 U.S.C § 1226(c)(1) are subject to mandatory detention without a bond hearing.[5] This provision was enacted pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Div. C, Pub.L. No. 104–208, § 303(a), 110 Stat. 3009–586 (Sept. 30, 1996), out of

---

[5] The statute provides, in relevant part:

> The Attorney General shall take into custody any alien who—
>
> > (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> >
> > (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
> >
> > (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or
> >
> > (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

concern that deportable criminal aliens who were not detained pending their removal hearings would reoffend and fail to appear at their hearings. *See Demore v. Kim*, 538 U.S. 510, 518–20 (2003); *see also In re Rojas*, 23 I. & N. Dec. 117, 121–22 (B.I.A. 2001).

Respondents assert Thakur's petition should be dismissed and judgment granted in their favor, consonant with the decision of United States Court of Appeals for the Fourth Circuit in *Hosh v. Lucero*, 680 F.3d 375 (4th Cir. 2012). In *Hosh*, the petitioner was convicted of state felonies and received a two-year sentence, all suspended, and was released from state custody. Three years later, a Notice to Appear was issued by ICE and the petitioner was taken into federal custody pending removal. While in custody, the petitioner requested a bond hearing. The request was denied by the Board of Immigration Appeals (BIA), which found that he was subject to the mandatory detention provisions of § 1226(c). *See Hosh*, 680 F.3d. at 377–78. The petitioner then instituted habeas proceedings. The district court granted relief, finding that § 1226(c) only applied when the alien is taken into immediate federal custody at the conclusion of state custody. *Id*. at 378.

In its reversal of the district court's determination, the United States Court of Appeals for the Fourth Circuit held that even if the alien is not immediately detained by federal authorities following his release from state custody, the mandatory detention requirements of § 1226(c) still apply once the alien is finally detained federally. In rejecting the petitioner's contention that he was entitled to an individual bond hearing, the Fourth Circuit found that the BIA's determination that no bond hearing was warranted was based on a permissible construction of the Immigration and Nationality Act's mandatory detention provision and therefore warranted deference under *Chevron, U.S.A., Inc., v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984). *Id*. at 380.

Respondents contend that the facts presented by Thakur are indistinguishable from those

in *Hosh*, and the instant petition should be dismissed as a matter of law. In his reply, Thakur generally disputes that he is subject to the mandatory provisions of the INA. ECF No. 11 at 2. Thakur misconstrues *Hosh* and provides conclusory and unsupported assertions that *Hosh* is inapplicable to the facts of his case, arguing that *Hosh* "only addresses custody of Aliens by ICE upon their immediate release from prison and Chevron deference under *Chevron, U.S.A. Inc. v. Natural Res. Def. Council, Inc. . . . .*" ECF 11 at 6. Thakur's argument neither rebuts the assertions set forth in the response nor provides any basis for habeas corpus relief. Thakur's claim that his detention is unconstitutional fails as he is properly subject to mandatory detention under § 1226(c) in light of *Hosh*.

## IV. CONCLUSION

Because Thakur has not provided any persuasive argument that he is otherwise exempt from the holding in *Hosh*, the petition will be denied and dismissed. A separate Order follows.

November 7, 2013  
Date

/s/  
Ellen Lipton Hollander  
United States District Judge